Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Damián Rivera Quíles<br><br>Recurrido<br><br>vs.<br><br>E.L.A. de Puerto Rico por conducto del Secretario de Justicia, por sí y en representación de la Policía de Puerto Rico<br><br>Peticionarios | KLCE202500596 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2024CV01624<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece ante nos, el Gobierno de Puerto Rico (Estado o peticionario), quien presenta recurso de *Certiorari* solicitando la revocación de la "Resolución" emitida el 11 de marzo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. En lo pertinente, el foro primario declaró No Ha Lugar la "Moción de Desestimación por Falta de Jurisdicción" presentada por el Estado.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, revocamos el dictamen recurrido mediante los fundamentos que expondremos a continuación.

**I.**

El 11 de octubre de 2023, el Estado le confiscó al señor Damián Rivera Quiles (Sr. Rivera Quiles o recurrido) la cuantía de $8,066.00, debido a que dicha suma se utilizó o es producto de infracciones a los Arts. 401 y 412 de la Ley de Sustancias

---

[1] Notificada el 12 de marzo de 2025.

Número Identificador

SEN2025 _____

Controladas, 24 LPRA secs. 2401 y 2412.[2]  La notificación de esta confiscación se efectuó el 26 de agosto de 2024.[3]

El Sr. Rivera Quiles impugnó la confiscación mediante una "Demanda" presentada el **13 de septiembre de 2024**. Alegó, entre otras cosas, que el Estado notificó la confiscación fuera del término dispuesto en el Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j. Como remedio, solicitó la devolución del dinero ocupado. Cabe destacar que **el recurrido anejó junto con su reclamación el emplazamiento correspondiente**.

Ante el hecho de que la Secretaría del Tribunal no expidió los emplazamientos, el **11 de octubre de 2024**, el recurrido instó una "Moción Informativa" solicitando que los emplazamientos fuesen expedidos para poder completar el proceso de diligenciamiento.

La Secretaría del Tribunal expidió los emplazamientos el **15 de octubre de 2024**,[4] y el Secretario de Justicia fue debidamente emplazado el **18 de octubre de ese mismo año**.[5]

Así las cosas, el 13 de diciembre de 2024, el Estado presentó una "Moción de Desestimación por Falta de Jurisdicción" en la que argumentó, en esencia, que no se emplazó al Secretario de Justicia dentro de los 15 días siguientes a la fecha en que se presentó la "Demanda", conforme dispone el Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 17241. Sostuvo que dicho término es de naturaleza jurisdiccional y que, habiéndose emplazado al Secretario después de transcurrido el mismo, el Tribunal carecía de jurisdicción para atender el asunto.

El Sr. Rivera Quiles presentó su "Oposición a Solicitud de Desestimación" el 22 de enero de 2025. Adujo que el término para diligenciar el emplazamiento comenzó a transcurrir a partir de su expedición, según lo resuelto en *Pérez Quiles v. Santiago Cintrón*,

---

[2] Véase, apéndice pág. 33.
[3] *Íd.*
[4] Véase, apéndice pág. 37.
[5] Véase, apéndice pág. 38.

206 DPR 379 (2021). Por tanto, expuso que el diligenciamiento del emplazamiento se hizo dentro del término correspondiente.

Atendidas las posturas de ambas partes, el 11 de marzo de 2025,[6] el Tribunal de Primera Instancia emitió "Resolución" por la cual declaró No Ha Lugar la solicitud de desestimación presentada por el peticionario. Determinó que la demora de la Secretaría en la expedición del emplazamiento no puede imputársele al recurrido.

En desacuerdo, el 26 de marzo de 2025, el Estado presentó una "Moción en Reconsideración" enfatizando que el plazo provisto por el Art. 15 de la Ley Núm. 119-2011, *supra*, para emplazar al Secretario de Justicia es de carácter jurisdiccional e improrrogable.

Evaluada su solicitud, el 29 de abril de 2024,[7] el Tribunal de Primera Instancia emitió una "Minuta-Resolución" declarando No Ha Lugar la petición de reconsideración presentada por el Estado.

Aún inconforme, el Estado recurre ante este foro apelativo intermedio señalando la comisión del siguiente error:

> *Erró el Tribunal de Primera Instancia al denegar la moción de desestimación del Estado a pesar de que la parte recurrida diligenció el emplazamiento al Secretario de Justicia fuera del término jurisdiccional de quince días a partir de la presentación de la Demanda según dispuesto en la Ley Núm. 119-2011, supra y no demostró que realizó diligencias razonables para procurar la expedición de estos.*

El 6 de junio de 2025, emitimos "Resolución" otorgándole al Sr. Rivera Quiles un término a vencer el 16 de junio de 2025 para presentar su alegato en oposición. Oportunamente, el recurrido presentó su "Escrito en Oposición a Expedición de *Certiorari*" negando la comisión del error imputado al foro primario. Con la comparecencia de ambas partes, procedemos a resolver.

**II.**

En nuestro ordenamiento jurídico, el proceso de confiscación se rige por las disposiciones de la Ley Núm. 119-2011, 34 LPRA

---

[6] Notificada el 12 de marzo de 2025.
[7] Notificada el 1 de mayo de 2025.

sec. 1724 *et seq.*, conocida como "Ley Uniforme de Confiscaciones de 2011", según enmendada. **El precitado estatuto establece un procedimiento <u>expedito</u>, justo y uniforme para la confiscación de bienes por parte del Estado**. Véase, Exposición de Motivos.

En lo que nos concierne, el Art. 15 de la Ley Núm. 119-2011, *supra*, dispone, en su parte pertinente, lo siguiente:

> *Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, **debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda**. […] **Estos términos son jurisdiccionales**. […]*

(Énfasis nuestro).

Como se puede observar, **el proceso de confiscación está revestido de un trámite expedito con plazos estrictos para su impugnación**. Aquellas personas afectadas por una confiscación disponen únicamente de un término de 30 días, contados desde la fecha en que se les notifique la misma, para impugnarla ante los tribunales.

No tan solo eso, sino que, la legislación vigente también exige que el Secretario de Justicia sea debidamente emplazado dentro de los 15 días siguientes a la radicación de la demanda. Al respecto, nuestro Tribunal Supremo ha resuelto que, para que el tribunal adquiera jurisdicción sobre el Estado en un caso de impugnación de confiscación, **es indispensable diligenciar el emplazamiento del Secretario de Justicia <u>dentro del término dispuesto en ley</u>**. *López v. Secretaria*, 162 DPR 345, 354 (2004).[8]

Por lo tanto, **el esquema normativo establece un proceso ágil con requisitos rigurosos aplicables tanto al Estado como a**

---

[8] Precisa señalar que la decisión que emitió el Tribunal Supremo se fundamentó en las disposiciones de la derogada Ley Uniforme de Confiscaciones de 1988. Sin embargo, el razonamiento sigue siendo aplicable al presente caso.

**las partes interesadas en los bienes confiscados**. Mientras que el Gobierno debe cumplir con un término limitado para notificar la confiscación, "**aquellos que interesan impugnar el proceso están obligados a actuar con premura al presentar su demanda y posteriormente emplazar al Estado en términos relativamente cortos**". *Reliable Financial v. ELA*, 197 DPR 289, 298 (2017).

Tal cual surge expresamente del Art. 15 de la Ley Núm. 119-2011, *supra*, **los términos allí dispuestos son jurisdiccionales**. A diferencia de un requisito de cumplimiento estricto, **un plazo fatal o jurisdiccional es improrrogable y su incumplimiento es insubsanable**. *Peña Lacern v. Martinez Hernández*, 210 DPR 425, 443 (2022). **Es decir**, **ante el desempeño tardío con un término jurisdiccional**, **no queda otra opción al tribunal que no sea la desestimación del recurso**. *Íd.*

Acorde lo anterior, para poder ejercer el derecho a cuestionar la validez de una confiscación, el perjudicado está obligado, no solo a acudir oportunamente al tribunal, **sino también a diligenciar el emplazamiento en el plazo dispuesto en ley**. *Reliable Financial v. ELA*, *supra*, a la pág. 310.

**-B-**

El emplazamiento es el mecanismo procesal a través del cual se informa al demandado sobre la existencia de una acción judicial presentada en su contra, y a su vez, permite al tribunal adquirir jurisdicción sobre la persona del demandado para que este quede obligado por el dictamen emitido. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 487-488 (2024). De este modo, si así lo desea, puede el demandado comparecer a ejercer sus derechos de ser oído y presentar prueba a su favor. *Cirino González v. Adm. Corrección*, 190 DPR 14, 30 (2014). Por lo tanto, su adecuado diligenciamiento no es mera formalidad, sino parte esencial del debido proceso de ley. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022).

En nuestro ordenamiento, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En lo que nos atañe, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, provee el término para diligenciarlo y la consecuencia de no hacerlo dentro del plazo allí dispuesto. Literalmente, la precitada Regla establece lo siguiente:

> ***El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda*** *o de la fecha de expedición del emplazamiento por edicto.* ***El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga.*** *Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.*

(Énfasis nuestro).

En *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018), nuestro Tribunal Supremo resolvió que el término de 120 días que dispone la Regla 4.3 de Procedimiento Civil, *supra*, es improrrogable por lo que, "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna". **Además**, **enunció que el plazo de 120 días comenzará a transcurrir una vez la Secretaría del tribunal expida el emplazamiento**. *Íd.* a la pág. 650

En sintonía con lo anterior, en *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 991 (2020), nuestro Alto Foro expresó que:

> *[L]a mal denominada prórroga estatuida en [la Regla 4.3(c), supra,]* ***es realmente una solicitud [por parte] del demandante para que la Secretaría expida los emplazamientos en los casos en que exista un***

> ***retraso irrazonable en la expedición de estos***. ***Lo
> anterior***, <u>***con el propósito de que el demandante
> advierta al tribunal de tal retraso y evidencie que
> no se cruzó de brazos***</u>.

(Énfasis suplido).

Posteriormente, en *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021), nuestra Alta Curia reafirmó esta norma y dejó claro que el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir una vez el tribunal lo expida.

Por ende, la mencionada "prórroga": (1) en realidad, se trata de una solicitud para que Secretaría expida los emplazamientos; (2) su uso está condicionado a "los casos en que exista un retraso irrazonable"; y (3) sirve para que el demandante pueda evidenciar que no se cruzó de brazos ante dicho retraso. *Íd.*, a la pág. 386.

Resulta importante precisar que, la ausencia de una moción para que la Secretaría expida los emplazamientos no implica que el término de 120 días comenzara a transcurrir desde la presentación de la demanda. Sino que, ante el escenario particular en que la Secretaría no expida los emplazamientos el mismo día en que se radicó la demanda, pero luego *motu proprio* los expide, el término de 120 días para emplazar se computará desde que Secretaría los expida. *Íd.*, a la pág. 390. En resumidas cuentas, la moción no es condición o requisito para que el término de 120 días comience a decursar. *Íd.*, a la pág. 382.

Ahora bien, debemos destacar que, desde *Bernier González v. Rodríguez Becerra*, *supra*, el Tribunal Supremo de Puerto Rico ha sido enfático en que **la parte demandante no puede cruzarse de brazos ante una demora irrazonable por parte de Secretaría en expedir los emplazamientos**. **Por lo que**, **aunque la moción no es criterio mandatorio**, **ciertamente**, **se justifica en este tipo de escenarios**. Este pronunciamiento se reiteró en *Sánchez Ruiz v.*

*Higuera Pérez et al., supra,* así como en *Pérez Quiles v. Santiago Cintrón, supra.*

**III.**

Según se desprende del tracto procesal discutido, el Estado solicitó la desestimación de la "Demanda" sobre impugnación de confiscación presentada por el Sr. Rivera Quiles, toda vez que el Secretario de Justicia no fue emplazado dentro de los 15 días de presentarse la reclamación. Sin embargo, el recurrido se opuso y expuso que, aunque la "Demanda" se radicó el **13 de septiembre de 2024**, la Secretaría del Tribunal no expidió los emplazamientos hasta el **15 de octubre de 2024**. Debido a que el emplazamiento del Secretario de Justicia se diligenció el **18 de octubre de 2024**, es decir, a 3 días de expedidos los emplazamientos, el recurrido argumentó que el Secretario de Justicia fue emplazado conforme a derecho. Esto, pues, según resuelto en *Pérez Quiles v. Santiago Cintrón, supra,* el término para diligenciar un emplazamiento no comenzará a transcurrir sino hasta que la Secretaría expida los mismos. El Tribunal de Primera Instancia acogió el planteamiento del Sr. Rivera Quiles, y declaró No Ha Lugar la petición del Estado por entender que la demora en la expedición del emplazamiento no podía imputársele al recurrido.

En su escrito, el Estado insiste en que el foro primario erró al denegar su moción de desestimación. Su contención es que el Secretario de Justicia se emplazó fuera del término dispuesto en la Ley Núm. 119-2011, *supra,* y que el recurrido no demostró que realizó diligencias razonables para procurar la expedición de los emplazamientos.

Por su parte, el Sr. Rivera Quiles persiste en que el foro recurrido actuó correctamente al negarse desestimar el pleito, ya que el Secretario de Justicia se emplazó dentro de los 15 días que establece la ley. Su postura es que el referido término comenzó a

transcurrir el 15 de octubre de 2024, fecha en que la Secretaría del tribunal expidió los emplazamientos. Se ampara en el interés de que todo litigante tenga su día en corte, y en el acceso a la justicia. A su juicio, este actuó con diligencia porque presentó su reclamo en tiempo y, una vez se expidió el emplazamiento, procedió con su diligenciamiento. Su posición es que la omisión es exclusivamente atribuible a la Secretaría del Tribunal, por lo que la desestimación de su acción sería irrazonable y jurídicamente inaceptable.

Luego de examinar los escritos de ambas partes, y tras un análisis detenido del marco jurídico aplicable, concluimos que le asiste la razón al Estado y, consecuentemente, procede revocar el dictamen recurrido. Veamos.

Como cuestión de umbral, **debemos mencionar que la Ley Núm**. **119**-**2011**, *supra*, **se caracteriza por procurar la celeridad de los procesos relacionados con la confiscación de propiedad**. **Esta legislación fue diseñada con el objetivo de ponerle fin a procedimientos dilatorios y**, **a su vez**, **aliviar la congestión en los tribunales causada por demandas incoadas para impugnar confiscaciones**. **Asimismo**, **se tomó en consideración que la rapidez en el trámite contribuye a evitar el deterioro de las propiedades confiscadas**, **lo que podría redundar en perjuicio de sus titulares**. **No albergamos duda de que la intención de nuestra Asamblea Legislativa fue insertar un procedimiento claro**, **preciso y expedito que impere en los pleitos instados al amparo de esta ley**. Véase, Exposición de Motivos de la Ley Núm. 119-2011, *supra*. **Por ende**, **la política pública del Gobierno no solo se orienta a salvaguardar los derechos e intereses de las personas afectadas por la confiscación**, **sino también a agilizar el proceso teniendo presente la premura y diligente atención con que debe atenderse este tipo de casos**.

Por ejemplo, el propio Art. 15 de la Ley Núm. 119-2011, *supra*, reconoce que: (1) la parte afectada tiene un plazo de 30 días para impugnar la confiscación, desde que se le notifique la misma; (2) hay que emplazar al Secretario de Justicia dentro de los 15 días de presentada la demanda; (3) el Estado formulará sus alegaciones dentro de los 30 días de emplazado; (4) las partes tienen 30 días para hacer descubrimiento de prueba, a computarse desde que se contesta la demanda, y (5) el Tribunal tramitará la controversia de forma expedita y la adjudicará, salvo contadas excepciones, dentro de los 6 meses desde la presentación de la demanda.

Como se observa, el Art. 15 de la Ley Núm. 119-2011, *supra*, establece de forma clara y expresa que, tras la radicación de su demanda, el perjudicado por la confiscación tiene que emplazar al Secretario de Justicia dentro de los 15 días siguientes a la fecha en que presentó la demanda. Este término es jurisdiccional por lo que, ante su incumplimiento, el tribunal no posee otra alternativa que la de desestimar el caso. Nuestro Tribunal Supremo ha dicho que este requisito – refiriéndonos al emplazamiento del Secretario de Justicia – es indispensable y, por lo tanto, el diligenciamiento tiene que realizarse **dentro del término dispuesto en ley**. *López v. Secretaria, supra*, a la pág. 354. Es decir, **quienes interesan impugnar el proceso están obligados a actuar con diligencia y dentro de los términos que establece la ley**. *Reliable Financial v. ELA, supra*, a la pág. 298. Lo contrario atentaría contra la política pública establecida por el legislador, quien tuvo el objetivo de crear un trámite con la urgencia que amerita.

Es norma reiterada en nuestro acervo jurídico que, "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". Art. 19 del Código Civil de 2020, 31 LPRA sec. 5341. En ese sentido, "cuando el legislador se ha expresado en un lenguaje claro e

inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa". *Pueblo v. Maldonado de Jesús y otro*, 212 DPR 872, 918 (2023), citando a *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012).

De otra parte, la interpretación de un estatuto debe hacerse íntegramente, tomando en conjunto todas sus disposiciones, y no por secciones separadas. *Martajeva v. Ferre Morris y otros*, 210 DPR 612, 627 (2022). En otras palabras, "deben interpretarse las diferentes secciones, las unas en relación con las otras, completando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 40-41 (2018), citando a R.E. Bernier y J.A. Cuevas Segarra, <u>Aprobación e Interpretación de las Leyes en Puerto Rico</u>, 2.a ed. rev., San Juan, Pubs. JTS, 1987, pág. 315. En el cumplimiento de esta función debemos armonizar, hasta donde sea posible, todas las disposiciones de ley con el fin de lograr la interpretación más integrada, lógica y razonable de la intención legislativa.

En este caso, no existe controversia de que el emplazamiento al Secretario de Justicia se diligenció pasados los 15 días provistos para ello. Tampoco está controvertido el hecho de que la propia ley dispone que el mencionado término de 15 días se computará desde el día en que se radique la demanda de impugnación. Por lo que, acorde los principios de interpretación estatutaria ya discutidos, el foro primario debió desestimar la "Demanda" de autos. Empero, el recurrido nos invita a confirmar el dictamen recurrido y, de este modo, darle curso a la acción impugnatoria. Se sostiene en *Pérez Quiles v. Santiago Cintrón*, *supra*, para sustentar su postura. **Esta interpretación choca con la intención del estatuto**.

En primer lugar, el proceso de confiscación debe atenderse con premura y la parte promovente no está exenta de cumplir con

todos los términos y exigencias aplicables al trámite, incluyendo los requisitos provistos para adquirir jurisdicción sobre la persona demandada, en este caso el Estado, a través del emplazamiento al Secretario de Justicia.

En segundo lugar, aun considerando la demora por parte de la Secretaría en expedir los emplazamientos, lo cierto es que ni en *Bernier González v. Rodríguez Becerra, supra,* ni en *Sánchez Ruiz v. Higuera Pérez et al., supra,* ni en *Pérez Quiles v. Santiago Cintrón, supra,* nuestro Alto Foro se enfrentó a una situación de retraso irrazonable en la expedición de los emplazamientos por parte de Secretaría.

No es explicamos, en *Bernier González v. Rodríguez Becerra, supra,* **los emplazamientos se expidieron el mismo día en que se presentó la demanda**. Nuestro Tribunal Supremo enfatizó que, el término para el diligenciamiento no puede prorrogarse cuando la Secretaría expide los emplazamientos el mismo día que se radica la demanda. *Íd.*, a la pág. 651, citando a R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 268.

De igual manera, en *Sánchez Ruiz v. Higuera Pérez et al., supra,* **los emplazamientos se expidieron la misma fecha en que se presentó la demanda**. Posteriormente, los demandantes solicitaron emplazar por edicto, solicitud que el Tribunal declaró Ha Lugar mediante determinación notificada el 29 de diciembre de 2017. **Ese mismo día se expidieron los emplazamientos**. En lo pertinente, se aclaró que el término de 120 días para emplazar comienza a transcurrir desde el día en que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o a solicitud del demandante.

Por último, en *Pérez Quiles v. Santiago Cintrón, supra,* **los emplazamientos se expidieron 8 días después de presentada la**

**demanda**. En este caso, la demanda se presentó el 22 de octubre de 2018 y el demandado fue emplazado el 25 de febrero de 2019. El Tribunal Supremo concluyó que el emplazamiento fue oportuno, pues, aunque la demanda se radicó el 22 de octubre de 2018, no fue hasta el 30 de octubre que la Secretaría del tribunal expidió el emplazamiento. Reiteró que el plazo de 120 días debía computarse desde que Secretaría expidiera y viabilizara el diligenciamiento del emplazamiento que, en este caso, fue el 30 de octubre de 2018. **No podemos perder de perspectiva que**, **a diferencia del caso que atendemos**, **el plazo que poseía el demandante para diligenciar el emplazamiento del demandado era de 120 días**, **término que es mucho más amplio al que hoy analizamos**. **Además**, **a pesar que el demandante no presentó una moción de prórroga en ese entonces**, <u>**los emplazamientos se expidieron en término y el plazo de 120 días apenas comenzaba a decursar**</u>.

En este caso, la "Demanda" de impugnación de confiscación se presentó el **13 de septiembre de 2024**. Por lo que, conforme el Art. 15 de la Ley Núm. 119-2011, *supra*, el Sr. Rivera Quiles tenía hasta el **28 de septiembre de 2024** para emplazar al Secretario de Justicia. **Sin embargo**, **el mencionado término transcurrió sin que el recurrido diligenciara el emplazamiento del Secretario de Justicia**. <u>**El Sr. Rivera Quiles tampoco presentó**</u>, <u>**dentro del referido plazo**</u>, <u>**moción alguna ante la Secretaría del tribunal solicitando la expedición del emplazamiento**</u>. <u>**No fue hasta el 11 de octubre de 2024 que el Sr. Rivera Quiles presentó un escrito a esos fines**</u>. <u>**Finalmente, el 15 de octubre de 2024**</u>, <u>**la Secretaría expidió los emplazamientos**</u>. <u>**Nótese que**, **aquí la moción solicitando la expedición de los emplazamientos se radicó luego de transcurrido el término hábil para emplazar**</u>, <u>**y los emplazamientos se expidieron 32 días después de instada la "Demanda" y transcurridos 17 días de vencido el término**</u>

**jurisdiccional dispuesto en el Art. 15 de la Ley Núm. 119-2011,** *supra*, **para emplazar al Secretario de Justicia.**

**En definitiva**, **los hechos particulares del presente caso son distinguibles de** *Pérez Quiles v. Santiago Cintrón*, *supra*, **porque <u>aquí transcurrió un periodo irrazonable para presentar la moción</u>. Esto sin duda es un factor determinante, ya que nuestro Alto Foro ha dejado claro que <u>habrá consecuencias para el demandante que se cruce de brazos en circunstancias como las de autos</u>.**[9]

**No estamos ante un incumplimiento con meras sutilezas procesales, sino con un término de naturaleza jurisdiccional cuya inobservancia incide directamente sobre la agilización de los procedimientos confiscatorios.** Aun cuando, de ordinario, no puede imputársele a una parte el incumplimiento de la Secretaría del Tribunal con su deber de expedir los emplazamientos el mismo día en que se presenta la demanda, lo cierto es que, **<u>cuando tal simultaneidad no se logra</u>, el demandante tiene que advertir al tribunal en los casos en que exista un retraso irrazonable en la expedición de los emplazamientos.**

Como ya explicamos, **los hechos de este caso demuestran que <u>el recurrido se cruzó de brazos ante un retraso irrazonable por parte de la Secretaría del Tribunal en la expedición de los emplazamientos</u>.** A diferencia del caso *Pérez Quiles v. Santiago Cintrón*, *supra*, donde la Secretaría expidió los emplazamientos 8 días después de presentada la demanda, **en el caso de autos el escrito peticionando la expedición de los emplazamientos se presentó <u>13 días</u> después de vencido el término jurisdiccional para emplazar al Secretario de Justicia, es decir, casi después del doble del término legal provisto para ello. El recurrido no**

---

[9] Véase, *Pérez Quiles v. Santiago Cintrón, supra,* a la pág. 386, nota al calce núm. 12.

**justificó la dilación ni se observaron gestiones oportunas de parte suya**. **Los pleitos de impugnación de confiscación**, **cuyo procedimiento reviste términos cortos cuyo incumplimiento acarrea consecuencias fatales**, **requieren diligencia y especial cautela**.

No podemos validar una conducta omisiva que, como en este caso, permite que se gestione la expedición del emplazamiento más allá del término fatal que dispone la ley. **Aunque la demora en la expedición del emplazamiento por parte de la Secretaría no es atribuible al recurrido**, **ante circunstancias que demuestren la existencia de un retraso irrazonable**, **este último tenía el deber de evidenciar que no se cruzó de brazos ante dicho retraso**. Por entender que el Sr. Rivera Quiles no evidenció su inacción y optó por permitir que el retraso siguiera su curso, incidió el Tribunal de Primera Instancia al declarar No Ha Lugar la "Moción de Desestimación por Falta de Jurisdicción" presentada por el Estado.

La determinación recurrida permitió al recurrido solicitar la expedición de un emplazamiento **13 días** después de vencido el término jurisdiccional que dispone la ley, sin que se demostrase a satisfacción del Tribunal gestión **oportuna** para emplazar dentro de los 15 días que provee el Art. 15 de la Ley Núm. 119-2011, *supra*. Conscientes de la premura con que debe ser atendida una confiscación, y tratándose de un incumplimiento con un término de carácter jurisdiccional, procede la desestimación, con perjuicio, de la "Demanda" de autos.

**Hacemos hincapié en que**, **aunque la oportuna moción de "prórroga" no es criterio mandatorio**, **ciertamente se justifica en pleitos como el presente**.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte del dictamen, revocamos el dictamen recurrido, emitido por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, toda vez que carecía de jurisdicción para atender la controversia en sus méritos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto disiente sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones